**Hearing Date: September 17, 2024 at 2:00 p.m. (ET)**

Andrew K. Glenn
Richard C. Ramirez
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
*Counsel for the Alleged Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| | ) Case No. 24-22394 (SHL) |
| LONDON LUXURY LLC, | ) |
| | ) |
| Alleged Debtor. | ) |
| | ) |

## NOTICE OF HEARING ON JOINT MOTION OF PETITIONING CREDITORS BRISTOL ASSOCIATES, LTD., Y&S SALES GROUP LLC AND ALLEGED DEBTOR LONDON LUXURY LLC TO DISMISS THE INVOLUNTARY PETITION <u>PURSUANT TO 11 U.S.C. § 303(j)(1)</u>

**PLEASE TAKE NOTICE** that on August 23, 2024, petitioning creditors Bristol

Associates, Ltd. ("<u>Bristol</u>") and Y&S Sales Group LLC ("<u>Y&S</u>"), in addition to London Luxury

LLC (the "<u>Alleged Debtor</u>" and, together with Bristol and Y&S, the "<u>Movants</u>"), the alleged debtor

in the above-captioned case (the "<u>Involuntary Case</u>"), jointly filed the *Joint Motion Of Petitioning*

*Creditors Bristol Associates, Ltd., Y&S Sales Group LLC And Alleged Debtor London Luxury LLC*

*to Dismiss the Involuntary Petition Pursuant to 11 U.S.C. § 303(j)(1)* (the "<u>Motion</u>").  The form

of the Motion and accompanying proposed order filed by Movants is attached to this notice as

**<u>Exhibit 1</u>**.

      **PLEASE TAKE FURTHER NOTICE** that a hearing (the "<u>Hearing</u>") on the Motion is scheduled to be held before the Honorable Sean H. Lane, United States Bankruptcy Judge for the Southern District of New York (the "<u>Court</u>"), on **September 17, 2024, at 2:00 p.m. (E.T.)**.

      **PLEASE TAKE FURTHER NOTICE** that the Hearing will be held via "Zoom for Government."  Parties wishing to participate in the Hearing must make arrangements using the eCourt Appearance portal located on the Court's website, https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl

      **PLEASE TAKE FURTHER NOTICE** that the Motion has been filed electronically with the Clerk of the Court and may be reviewed by all registered users of the Court's website at: http://www.nysb.uscourts.gov.

Dated: August 23, 2024
New York, New York

By:  */s/ Andrew K. Glenn*
Andrew K. Glenn
Richard C. Ramirez
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
*Counsel to the Alleged Debtor*

**<u>EXHIBIT 1</u>**

Andrew K. Glenn
Richard C. Ramirez
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600
*Counsel for the Alleged Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| | ) Case No. 24-22394 (SHL) |
| LONDON LUXURY LLC, | ) |
| | ) |
| Alleged Debtor. | ) |
| | ) |

**JOINT MOTION OF PETITIONING CREDITORS BRISTOL ASSOCIATES, LTD., Y&S SALES GROUP LLC AND ALLEGED DEBTOR LONDON LUXURY LLC TO DISMISS THE INVOLUNTARY PETITION PURSUANT TO 11 U.S.C. § 303(j)(1)**

Petitioning creditors Bristol Associates, Ltd. ("Bristol") and Y&S Sales Group LLC ("Y&S"), in addition to London Luxury LLC ("London Luxury" or the "Alleged Debtor" and, together with Bristol and Y&S, the "Movants"), the alleged debtor in the above-captioned case (the "Involuntary Case"), jointly file this motion to dismiss (the "Motion to Dismiss") the involuntary Chapter 7 petition (the "Involuntary Petition") initiated by Bristol, Y&S and Nanobionic Technologies Ltd. (collectively, the "Petitioning Creditors") pursuant to 11 U.S.C. § 303(j)(1).

In support of this Motion to Dismiss, the Movants jointly represent as follows:

**BACKGROUND**

1.      The Alleged Debtor currently does not have ongoing business operations. For over the past two years, nearly its entire focus has been on litigating against Walmart Corporation

("Walmart") in connection with Walmart's breach of contract. The Alleged Debtor states that the Walmart breach proved catastrophic to the Alleged Debtor's ability to continue operations. Its claims against Walmart have been the Alleged Debtor's only significant asset and represent its only hope to pay creditors.

2.     The Alleged Debtor's dogged pursuit of its claims against Walmart has been time consuming and expensive, but recently resulted in the entry of a judgment following a jury trial in an amount exceeding $100 million (the "Walmart Judgment").

3.     The Alleged Debtor states that the Walmart Judgment, if collected in full, would be sufficient to enable the Alleged Debtor to pay allowed claims of its creditors.   Given this backdrop, the entry of an order for relief would (1) be wholly unnecessary to protect creditors; (2) result in significant unnecessary administrative costs and expenses being incurred, thereby jeopardizing recoveries to creditors; (3) hinder the ultimate resolution and collection on account of the Walmart Judgment; and (4) exacerbate ongoing delays caused by the stay.

4.     On May 3, 2024, the Petitioning Creditors filed the Involuntary Petition against the Alleged Debtor with the Clerk of this Court. The Alleged Debtor believes that the filing of the Involuntary Petition was very unwise given the state of the litigation with Walmart, and has resulted in continued and expensive delays in the resolution of the Walmart Judgment.

5.     On May 31, 2024, the Alleged Debtor and the Petitioning Creditors stipulated to an extension of time to answer or otherwise move with respect to the Involuntary Petition to June 13, 2024. *See* Dkt. No. 9. The parties subsequently stipulated to another extension of time to answer or otherwise move with respect to the Involuntary Petition to June 17, 2024. *See* Dkt. No. 10.

6.      On June 17, 2024, London Luxury filed its *Answer to Involuntary Chapter 7 Petition* [Docket. No. 11] (the "London Answer" or "Ans.").

7.      In the London Answer, the Alleged Debtor asserts four affirmative defenses. *See* Ans. ¶¶ 5-12. Most relevant here, the Alleged Debtor asserts as its first and second affirmative defenses that (i) the Petitioning Creditors are not eligible to file the Involuntary Petition pursuant to 11 U.S.C. § 303(b) because the purported claim of, at the very least, Petitioner Creditor Bristol was the subject of a bona fide dispute with London Luxury as to liability and/or amount (*see id.* ¶¶ 5-6); and (ii) even if the Petitioning Creditors were entitled to commence the Involuntary Petition against London Luxury, this Court should abstain from any further proceedings in this case pursuant to 11 U.S.C. § 305(a). *See id.* ¶¶ 7-8.

8.      Specifically, the London Answer further responds that the Alleged Debtor had been litigating with Bristol for months in the case styled *Bristol Associates, Ltd. v. London Luxury LLC*, Index No. 62852/2023, Westchester County Supreme Court, State of New York (the "New York Supreme Court Action") and that the parties were ready to go to trial, *see id.* ¶ 8, and that, in fact, just one week before the Involuntary Petition was filed, the court in the New York Supreme Court Action entered an order holding that all "pre-trial proceedings are complete and that the matter is ready for trial." *See* NYSCEF Dkt. No. 38.

9.      After filing the London Answer, the Alleged Debtor and Bristol, and the Alleged Debtor and Y&S, entered into good faith discussions concerning their claims against London Luxury. The Alleged Debtor contended that Bristol's claims were the subject of ongoing litigation and, consequently, a bona fide dispute. Bristol disagreed. London Luxury and Bristol subsequently entered into settlement negotiations and entered into agreements to compromise and resolve their disputes with the ultimate intention of seeking termination of the Involuntary Case.

10.     The Alleged Debtor states that Y&S has sold its claim to a third party, and has released all claims against London Luxury to avoid litigation over the Involuntary Petition. Finally, the Alleged Debtor states that London Luxury and Nanobionic Technologies, Ltd. ("Nanobionic") are engaged in settlement negotiations in a good faith effort to resolve their respective disputes. At the time of this filing, however, Nanobionic and London Luxury have not reached a settlement.

11.     The Movants now request dismissal of the Involuntary Petition and this Involuntary Case pursuant to 11. U.S.C. § 303(j)(1). In conjunction herewith, London Luxury filed a list of all of its known creditors and has provided notice of this Motion to Dismiss to all such creditors as required by F.R.B.P. 1017.

## ARGUMENT

### I.     Legal Standard for Dismissal.

12.     Section 303 of the Code governs involuntary petitions. Section 303(b) states, in pertinent part, that an involuntary case must be commenced "by three or more entities, each of which is either a holder of a claim . . . *that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount*[.]" 11 U.S.C. § 303(b)(1) (emphasis added).

13.     While the Code does not define "bona fide dispute," in the Second Circuit courts apply an objective test to determine whether a bona fide dispute exists. *See Crest One Spa v. TPG Troy, LLC (In re TPG Troy, LLC)*, 793 F.3d 228, 234 (2d Cir. 2015). Under that test, a bona fide dispute exists "if there is either a genuine issue of material fact that bears upon the debtor's liability or a meritorious contention as to the application of law to undisputed facts." *Id*. (internal quotations omitted). While a reviewing court is not required to resolve any such dispute, petitioning creditors bear the initial burden of proof to establish a "prima face case that no bona fide dispute exists." *Id*. Moreover, the "existence of an affirmative defense may suggest that a

4

bona fide dispute exists." *In re Zapas*, 530 B.R. 560, 567 (Bankr. E.D.N.Y. 2015) (citing *In re Votex Fishing Sys., Inc.*, 277 F.3d 1057, 1067 (9th Cir. 2002)).  *See In re TPG Troy, LLC*, 793 F.3d at 234 (holding "pending litigation over a claim strongly suggests the existence of a bona fide dispute, even if it does not suffice to firmly establish that existence") (internal quotations omitted).

14.    Dismissal of an involuntary petition is provided for in Section 303(j) of the Code. That section provides, *inter alia*, that "[o]nly after notice to all creditors and a hearing may the court dismiss a petition filed under this section . . . on the motion of a Petitioner."  11 U.S.C. § 303(j)(1).  While Section 303(j) does not provide a standard by which dismissal should be considered, *Collier* explains that "[r]easons for [Section 303(j)(1)] dismissal include the creditor's realization that it is not qualified to serve as a petitioning creditor (for example, because its claim is subject to a bona fide dispute or contingent as to liability), or that the involuntary filing is not a wise idea, although permissible under applicable law."  2 *Collier on Bankruptcy* ¶ 303.34 (16th 2024).

## II.    Petitioning Creditors Bristol and Y&S, along with the Alleged Debtor, Believe the Involuntary Case Should Be Promptly Dismissed.

15.    Petitioning creditors Bristol and Y&S along with the Alleged Debtor respectfully submit that the Court should dismiss the Involuntary Case pursuant to Section 303(j)(1) of the Code.

16.    As petitioning creditors, Bristol and Y&S seek to dismiss this Involuntary Case pursuant to Section 303(j)(1), *see* 11 U.S.C. 303(j)(1) (providing for dismissal upon the motion of just one petitioner), and the Alleged Debtor has consented to such dismissal.  *See In re R. Eric Peterson Const. Co., Inc.*, 951 F.2d 1175, 1180 (10th Cir. 1991) (noting that Section 303(j)(1) dismissal "does not require the debtor's consent").  Dismissal is warranted here because Bristol, Y&S, and the Alleged Debtor have determined that in light of the settlements reached, litigating

the petition is not in the best interests of the Movants and will cause significant expense to all parties in interest.

17.     Moreover, the Alleged Debtor believes that the claims asserted by Bristol were subject to a bona fide dispute; Bristol disagreed.  Rather than wasting the Alleged Debtor's limited resources litigating the matter, the Alleged Debtor and Bristol resolved their disputes, and Bristol and the Alleged Debtor believe that dismissal of the involuntary petition is appropriate and is in everyone's best interest.  Similarly, Y&S sold its claim to a third-party, and no longer wishes to prosecute the Involuntary Petition.

18.     Additionally, the Alleged Debtor has advised Bristol that the resolution of the Walmart litigation is the only likely way for the Alleged Debtor's creditors to be paid and that an involuntary case would both hinder the resolution of that important litigation and impose significant and unnecessary costs upon the Alleged Debtor's estate, which could eat into creditors' ultimate recoveries.  Not only would significant administrative fees and costs be incurred, but an involuntary case would significantly lengthen the time frame for creditors to receive payment.  For those reasons plus the settlements achieved, Bristol now strongly believes that Involuntary Case to be unnecessary.

19.     Finally, notice of the Motion to Dismiss and its corresponding hearing has been provided to all known creditors and parties requesting notice pursuant to the requirements of F.R.B.P. 1017 and 2002.

20.     Accordingly, this Involuntary Case should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the parties jointly and respectfully request that this Court enter

the proposed order attached hereto as **Exhibit A** dismissing the Involuntary Case and grant such

other and further relief as the Court deems just and appropriate.


Dated: August 23, 2024
New York, New York


By:  */s/ Andrew K. Glenn*
Andrew K. Glenn
Richard C. Ramirez
**Glenn Agre Bergman & Fuentes LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
*Counsel to the Alleged Debtor*

By: */s/* Jonathan L. Flaxer
Jonathan L. Flaxer
**Golenbock Eiseman Assor Bell & Peskoe LLP**
711 Third Avenue
17th Floor
New York, New York 10017
*Counsel to Bristol Associates, Ltd.*

By: */s/ Nicholas J. Damadeo*
Nicholas J. Damadeo
**Nicolas J. Damadeo, P.C.**
27 West Neck Rd.
Huntington, New York 11743
*Counsel to Y&S Sales Group LLC*

**<u>EXHIBIT A</u>**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| | ) Case No. 24-22394 (SHL) |
| LONDON LUXURY LLC, | ) |
| | ) |
| Alleged Debtor. | ) |
| | ) |

## <u>ORDER DISMISSING INVOLUNTARY PETITION</u>

Upon the motion (the "<u>Motion</u>") of petitioning creditors Bristol Associates, Ltd. ("<u>Bristol</u>") and Y&S Sales Group LLC ("<u>Y&S</u>"), in addition to London Luxury LLC (the "<u>Alleged Debtor</u>" and, together with Bristol and Y&S, the "<u>Movants</u>"), the alleged debtor in the above-captioned case (the "<u>Involuntary Case</u>") for an entry of an order (this "<u>Order</u>") dismissing the involuntary petition dated May 3, 2024 pursuant to 11 U.S.C. § 303(j)(1); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue of the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that sufficient cause exists to grant the motion; it is

**HEREBY ORDERED THAT**:

1. The Motion is granted as set forth herein; and it is further ordered that

2. The Involuntary Case is dismissed as of the date hereof; and it is further ordered that

3. This Court shall retain exclusive jurisdiction over enforcement and interpretation of this Order.